**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

C/A No. _____

| | |
|---|---|
| Darren Streeter, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **EXHIBT A** |
| Perdue Farms, Inc., and John Doe ) | |
| Facility Manager, ) | |
| ) | |
| Defendants. ) | |
| _____ | |

**STATE COURT PLEADINGS**

ELECTRONICALLY FILED - 2023 Oct 24 9:17 AM - DILLON - COMMON PLEAS - CASE#2023CP1700536

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF DILLON<br><br>Darren Streeter,<br><br>    Plaintiff,<br><br>vs.<br><br>Perdue Farms, LLC and John Doe Facility Manager,<br><br>    Defendants.<br>_____ | IN THE COURT OF COMMON PLEAS<br>OF THE FOURTH JUDICIAL CIRCUIT<br><br><br>**SUMMONS**<br>**(JURY TRIAL DEMANDED)** |

  YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served on you, and to serve a copy of your Answer to the said Complaint upon the subscribers at the Samuels Reynolds Law Firm, 1320 Richland Street, Columbia, South Carolina, 29201, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in such Complaint.

                Respectfully submitted,


                *s/P. Jason Reynolds*
                **P. JASON REYNOLDS, ESQ.**
                South Carolina Bar No. 76057
                **MICHAEL R. PARKS, ESQ.**
                South Carolina Bar No. 105321
                SAMUELS REYNOLDS LAW FIRM, LLC
                1320 Richland Street
                Columbia, South Carolina 29201
                Telephone: (803) 779-4000
                Fax: (803) 779-4004
                Email: jason@samuelsreynolds.com
                    michael@samuelsreynolds.com
                ATTORNEYS FOR PLAINTIFF

October 24, 2023
Columbia, South Carolina

ELECTRONICALLY FILED - 2023 Oct 24 9:17 AM - DILLON - COMMON PLEAS - CASE#2023CP1700536

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF DILLON<br><br>Darren Streeter,<br><br>               Plaintiff,<br><br>vs.<br><br>Perdue Farms LLC and John Doe Facility Manager,<br><br>               Defendants. | IN THE COURT OF COMMON PLEAS OF THE FOURTH JUDICIAL CIRCUIT<br><br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

COMES NOW Plaintiff, Darren Streeter ("Plaintiff"), complaining of Defendants, Perdue Farms, LLC ("Perdue") and John Doe Facility Manager, who, by and through his undersigned counsel, respectfully shows unto the Court as follows:

## PARTIES

1. Plaintiff is a resident and citizen of Dillon County, South Carolina.

2. At all times material to this complaint, Defendant Perdue Farms, LLC, was a corporation organized and operating under the laws of the State of Maryland. Upon information and belief, Defendant Perdue Farms, LLC conducts business and maintains, and operates a facility located at 2047 Highway 9 W, Dillon, South Carolina 29536 in Dillon County and has its registered agent located in Richland County, South Carolina.

3. That upon information and belief Defendant John Doe Facility Manager is the facility manager of Defendant Perdue Farms, LLC's facility located at 2047 Highway 9 W, Dillon, South Carolina 29536 in Dillon County at all times relevant hereto and directed and exerted control over said premises, was vested with the power and authority to manage, direct, superintend, restrict, regulate, govern, administer and oversee the management of the premises and that this person is a resident of the state of South Carolina.

## JURISDICTION AND VENUE

4. Plaintiff alleges on information and belief the Defendant, Perdue Farms, LLC (hereinafter "Perdue"), at all times relevant hereto, was the owner of that certain property at 2047 Highway 9 W, Dillon, SC 29536, within the County of Dillon, South Carolina and, at all relevant times, was in possession of and controlled the said premises.

5. The events referred to herein took place at 2047 Highway 9 W, in the town of Dillon, County of Dillon, within the State of South Carolina and, therefore, this Court has jurisdiction of this action pursuant to *S.C. Code Ann.* §36-2-803 (1976).

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

6. On or about December 10, 2020, Defendant, Perdue, possessed, owned, operated and maintained 2047 Highway 9 W, Dillon, SC 29536, within the County of Dillon, South Carolina.

7. Upon information and belief, Defendant acquired and maintained the facilities at 2047 Highway 9 W, Dillon, SC 29536, for some time prior to December 10, 2020.

8. Upon information and belief, Defendants knew, or should have known, that certain light fixtures in the facility were dated, poorly maintained and in need of proper repair or replacement.

9. Upon information and belief, Defendants knew, or should have known, of the dangerous and deteriorating condition of certain light fixtures on its premises in Dillon, South Carolina, specifically in the tote room, prior to December 10, 2020.

10. On December 10, 2020, Plaintiff Darren Streeter, was working for his employer, QSI Sanitation, which is a contract sanitation company that contracted with Defendant Purdue to perform sanitation work at 2047 Highway 9 W, Dillon, SC 29536.

11.     On December 10, 2020, Plaintiff Darren Streeter was working at Defendant Perdue's facility in the tote room for his employer QSI Sanitation when a light fixture fell from the ceiling, without warning, and landed on the back of Plaintiff's neck.

12.     As a direct and proximate result of the dangerous and defective condition of the light fixture in the tote room, which Defendants allowed to persist upon the premises under their control, Darren Streeter suffered severe and permanent injuries.

13.     At the time of this incident, Defendants had actual and/or constructive knowledge of the dangerous and deteriorating light fixture and the danger this posed to invitees on the premises.  Defendants had an affirmative duty to inspect and remedy such conditions but failed to remedy the condition and failed to warn invitees of the condition.  Further, while knowing of the dangerous and deteriorating light fixture, Defendants, the owner and manager of the building, knowingly allowed Darren Streeter and others to walk and work beneath the light fixture.

**FOR A FIRST CAUSE OF ACTION**
**(PREMISES LIABILITY - NEGLIGENCE, NEGLIGENCE *PER SE*, GROSS NEGLIGENCE AND RECKLESSNESS AGAINST DEFENDANTS PERDUE AND JOHN DOE FACILITY MANAGER)**

14.     Plaintiff re-alleges and reiterates each and every allegation contained in the foregoing paragraphs, as fully as if repeated herein verbatim.

15.     Defendants owed a duty to Plaintiff to exercise reasonable care in the maintenance of the premises and keep it in a reasonably safe condition for persons rightfully upon such premises.

16.     Defendants owed a duty to Plaintiff and others rightfully upon their premises to keep the premises in compliance with all applicable property maintenance and building codes and regulations.

ELECTRONICALLY FILED - 2023 Oct 24 9:17 AM - DILLON - COMMON PLEAS - CASE#2023CP1700536

17. Defendant Perdue is responsible for all acts and omissions of Defendant John Doe Facility Manager under the doctrines of respondeat superior, agency, or apparent agency.

18. Plaintiff is informed and believes that Defendants, by their acts and omissions, was negligent, negligent *per se,* willful, wanton, reckless and grossly negligent at the time and place hereinabove mentioned in the following particulars:

    a.    In failing to provide a safe and reasonably maintained premises for invitees;

    b.    In maintaining the area in which Plaintiff's accident occurred in a state of dangerous disrepair, a condition of which Defendants had actual and/or constructive notice;

    c.    In failing to adequately and safely correct the dangerous condition, of which Defendants had actual and/or constructive notice;

    d.    In failing to adequately and promptly remedy the condition, of which Defendants had actual and/or constructive notice;

    e.    In failing to provide warning signs, or take any precautions whatsoever, to alert invitees rightfully upon the premises, including Plaintiff, of the dangerous condition;

    f.    In failing to make routine safety inspections of its premises;

    g.    In failing to act as a reasonably prudent property owner would have acted under the circumstances then and there prevailing;

    h.    In failing to keep the premises in compliance with all applicable property maintenance and building codes and regulations; and

    i.    In any such other particulars as may be ascertained through discovery procedures undertaken pursuant to the South Carolina Rules of Civil Procedure.

19. As a direct and proximate result of the negligence, carelessness, willfulness, recklessness, and gross negligence of Defendants as alleged above, Plaintiff, Darren Streeter, suffered serious injuries that will permanently cause severe and extreme physical pain and limitations, emotional suffering and mental distress, that has required him to expend monies for medical care, rehabilitation and other medical necessities. Plaintiff has suffered, and will continue

ELECTRONICALLY FILED - 2023 Oct 24 9:17 AM - DILLON - COMMON PLEAS - CASE#2023CP1700536

ELECTRONICALLY FILED - 2023 Oct 24 9:17 AM - DILLON - COMMON PLEAS - CASE#2023CP1700536

to suffer, great pain and mental anguish in the future and will be required to expend further monies for future medical care. Plaintiff has suffered a loss of income and will lose future income. Plaintiff has a diminished quality of life and a loss of enjoyment of life for which he is entitled to a judgment against Defendants for compensatory, actual and punitive damages in an amount to be ascertained by a jury at the trial of this case.

<b>FOR A SECOND CAUSE OF ACTION</b><br>(Negligent Hiring, Training & Supervision)

20. Plaintiff re-alleges and incorporates herein the allegations contained in the forgoing paragraphs as if fully restated.

21. Defendant Perdue was negligent, negligent per se, careless, reckless, willful and wanton in one or more of the following ways:

    a. in hiring Defendant John Doe Facility Manager and entrusting him with the authority to manage, direct, superintend, restrict, regulate, govern, administer and oversee the management of their facility in South Carolina;

    b. in failing to properly train Defendant John Doe Facility Manager;

    c. in failing to properly supervise Defendant John Doe Facility Manager;

    d. in failing to implement safety practices to assure safe operation of the South Carolina facility;

    e. in failing to exercise that degree of care and caution that a reasonable and prudent company would have exercised under the circumstances then and there prevailing.

24. Defendants' conduct is the sole and proximate cause of the incident and the Plaintiff's resulting injuries.

WHEREFORE, Plaintiff prays for judgment against Defendant in this matter in a sum sufficient to compensate him for his actual and consequential damages to be determined at trial,

for an award of punitive damages to be determined at trial, for pre-judgment and post-judgment interest, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

        Respectfully submitted,

        */s/ P. Jason Reynolds*
        **P. JASON REYNOLDS, ESQ.**
        South Carolina Bar No. 76057
        **MICHAEL R. PARKS, ESQ.**
        South Carolina Bar No. 105321
        SAMUELS REYNOLDS LAW FIRM, LLC
        1320 Richland Street
        Columbia, South Carolina 29201
        Telephone: (803) 779-4000
        Fax: (803) 779-4004
        Email: jason@samuelsreynolds.com
               michael@samuelsreynolds.com
        ATTORNEYS FOR PLAINTIFF

October 24, 2023
Columbia, South Carolina

ELECTRONICALLY FILED - 2023 Oct 24 9:17 AM - DILLON - COMMON PLEAS - CASE#2023CP1700536

ELECTRONICALLY FILED - 2023 Nov 15 3:24 PM - DILLON - COMMON PLEAS - CASE#2023CP1700536

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF DILLON<br><br>Darren Streeter,<br><br>    Plaintiff,<br><br>vs.<br><br>Perdue Farms Inc. and John Doe Facility Manager,<br><br>    Defendants. | IN THE COURT OF COMMON PLEAS OF THE FOURTH JUDICIAL CIRCUIT<br><br>**AMENDED SUMMONS**<br>**(JURY TRIAL DEMANDED)** |

  YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served on you, and to serve a copy of your Answer to the said Complaint upon the subscribers at the Samuels Reynolds Law Firm, 1320 Richland Street, Columbia, South Carolina, 29201, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in such Complaint.

                   Respectfully submitted,

                   *s/P. Jason Reynolds*
                   **P. JASON REYNOLDS, ESQ.**
                   South Carolina Bar No. 76057
                   **MICHAEL R. PARKS, ESQ.**
                   South Carolina Bar No. 105321
                   SAMUELS REYNOLDS LAW FIRM, LLC
                   1320 Richland Street
                   Columbia, South Carolina 29201
                   Telephone: (803) 779-4000
                   Fax: (803) 779-4004
                   Email: jason@samuelsreynolds.com
                       michael@samuelsreynolds.com
                   ATTORNEYS FOR PLAINTIFF

November 15, 2023
Columbia, South Carolina

ELECTRONICALLY FILED - 2023 Nov 15 3:24 PM - DILLON - COMMON PLEAS - CASE#2023CP1700536

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF DILLON<br><br>Darren Streeter,<br><br>                    Plaintiff,<br><br>vs.<br><br>Perdue Farms Inc. and John Doe Facility Manager,<br><br>                    Defendants. | IN THE COURT OF COMMON PLEAS OF THE FOURTH JUDICIAL CIRCUIT<br><br><br>**AMENDED COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

COMES NOW Plaintiff, Darren Streeter ("Plaintiff"), complaining of Defendants, Perdue Farms Inc. ("Perdue") and John Doe Facility Manager, who, by and through his undersigned counsel, respectfully shows unto the Court as follows:

### PARTIES

1. Plaintiff is a resident and citizen of Dillon County, South Carolina.

2. At all times material to this complaint, Defendant Perdue Farms Inc., was a corporation organized and operating under the laws of the State of Maryland. Upon information and belief, Defendant Perdue Farms Inc., conducts business and maintains, and operates a facility located at 2047 Highway 9 W, Dillon, South Carolina 29536 in Dillon County and has its registered agent located in Richland County, South Carolina.

3. That upon information and belief Defendant John Doe Facility Manager is the facility manager of Defendant Perdue Farms Inc.'s facility located at 2047 Highway 9 W, Dillon, South Carolina 29536 in Dillon County at all times relevant hereto and directed and exerted control over said premises, was vested with the power and authority to manage, direct, superintend, restrict, regulate, govern, administer and oversee the management of the premises and that this person is a resident of the state of South Carolina.

## JURISDICTION AND VENUE

4. Plaintiff alleges on information and belief the Defendant, Perdue Farms Inc. (hereinafter "Perdue"), at all times relevant hereto, was the owner of that certain property at 2047 Highway 9 W, Dillon, SC 29536, within the County of Dillon, South Carolina and, at all relevant times, was in possession of and controlled the said premises.

5. The events referred to herein took place at 2047 Highway 9 W, in the town of Dillon, County of Dillon, within the State of South Carolina and, therefore, this Court has jurisdiction of this action pursuant to *S.C. Code Ann.* §36-2-803 (1976).

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

6. On or about December 10, 2020, Defendant, Perdue, possessed, owned, operated and maintained 2047 Highway 9 W, Dillon, SC 29536, within the County of Dillon, South Carolina.

7. Upon information and belief, Defendant acquired and maintained the facilities at 2047 Highway 9 W, Dillon, SC 29536, for some time prior to December 10, 2020.

8. Upon information and belief, Defendants knew, or should have known, that certain light fixtures in the facility were dated, poorly maintained and in need of proper repair or replacement.

9. Upon information and belief, Defendants knew, or should have known, of the dangerous and deteriorating condition of certain light fixtures on its premises in Dillon, South Carolina, specifically in the tote room, prior to December 10, 2020.

10. On December 10, 2020, Plaintiff Darren Streeter, was working for his employer, QSI Sanitation, which is a contract sanitation company that contracted with Defendant Purdue to perform sanitation work at 2047 Highway 9 W, Dillon, SC 29536.

ELECTRONICALLY FILED - 2023 Nov 15 3:24 PM - DILLON - COMMON PLEAS - CASE#2023CP1700536

11. On December 10, 2020, Plaintiff Darren Streeter was working at Defendant Perdue's facility in the tote room for his employer QSI Sanitation when a light fixture fell from the ceiling, without warning, and landed on the back of Plaintiff's neck.

12. As a direct and proximate result of the dangerous and defective condition of the light fixture in the tote room, which Defendants allowed to persist upon the premises under their control, Darren Streeter suffered severe and permanent injuries.

13. At the time of this incident, Defendants had actual and/or constructive knowledge of the dangerous and deteriorating light fixture and the danger this posed to invitees on the premises. Defendants had an affirmative duty to inspect and remedy such conditions but failed to remedy the condition and failed to warn invitees of the condition. Further, while knowing of the dangerous and deteriorating light fixture, Defendants, the owner and manager of the building, knowingly allowed Darren Streeter and others to walk and work beneath the light fixture.

**FOR A FIRST CAUSE OF ACTION**
**(PREMISES LIABILITY - NEGLIGENCE, NEGLIGENCE *PER SE*, GROSS NEGLIGENCE AND RECKLESSNESS AGAINST DEFENDANTS PERDUE AND JOHN DOE FACILITY MANAGER)**

14. Plaintiff re-alleges and reiterates each and every allegation contained in the foregoing paragraphs, as fully as if repeated herein verbatim.

15. Defendants owed a duty to Plaintiff to exercise reasonable care in the maintenance of the premises and keep it in a reasonably safe condition for persons rightfully upon such premises.

16. Defendants owed a duty to Plaintiff and others rightfully upon their premises to keep the premises in compliance with all applicable property maintenance and building codes and regulations.

17. Defendant Perdue is responsible for all acts and omissions of Defendant John Doe Facility Manager under the doctrines of respondeat superior, agency, or apparent agency.

18. Plaintiff is informed and believes that Defendants, by their acts and omissions, was negligent, negligent *per se,* willful, wanton, reckless and grossly negligent at the time and place hereinabove mentioned in the following particulars:

    a. In failing to provide a safe and reasonably maintained premises for invitees;

    b. In maintaining the area in which Plaintiff's accident occurred in a state of dangerous disrepair, a condition of which Defendants had actual and/or constructive notice;

    c. In failing to adequately and safely correct the dangerous condition, of which Defendants had actual and/or constructive notice;

    d. In failing to adequately and promptly remedy the condition, of which Defendants had actual and/or constructive notice;

    e. In failing to provide warning signs, or take any precautions whatsoever, to alert invitees rightfully upon the premises, including Plaintiff, of the dangerous condition;

    f. In failing to make routine safety inspections of its premises;

    g. In failing to act as a reasonably prudent property owner would have acted under the circumstances then and there prevailing;

    h. In failing to keep the premises in compliance with all applicable property maintenance and building codes and regulations; and

    i. In any such other particulars as may be ascertained through discovery procedures undertaken pursuant to the South Carolina Rules of Civil Procedure.

19. As a direct and proximate result of the negligence, carelessness, willfulness, recklessness, and gross negligence of Defendants as alleged above, Plaintiff, Darren Streeter, suffered serious injuries that will permanently cause severe and extreme physical pain and limitations, emotional suffering and mental distress, that has required him to expend monies for medical care, rehabilitation and other medical necessities.  Plaintiff has suffered, and will continue

ELECTRONICALLY FILED - 2023 Nov 15 3:24 PM - DILLON - COMMON PLEAS - CASE#2023CP1700536

ELECTRONICALLY FILED - 2023 Nov 15 3:24 PM - DILLON - COMMON PLEAS - CASE#2023CP1700536

to suffer, great pain and mental anguish in the future and will be required to expend further monies for future medical care. Plaintiff has suffered a loss of income and will lose future income. Plaintiff has a diminished quality of life and a loss of enjoyment of life for which he is entitled to a judgment against Defendants for compensatory, actual and punitive damages in an amount to be ascertained by a jury at the trial of this case.

**FOR A SECOND CAUSE OF ACTION**
**(Negligent Hiring, Training & Supervision)**

20. Plaintiff re-alleges and incorporates herein the allegations contained in the forgoing paragraphs as if fully restated.

21. Defendant Perdue was negligent, negligent per se, careless, reckless, willful and wanton in one or more of the following ways:

    a. in hiring Defendant John Doe Facility Manager and entrusting him with the authority to manage, direct, superintend, restrict, regulate, govern, administer and oversee the management of their facility in South Carolina;

    b. in failing to properly train Defendant John Doe Facility Manager;

    c. in failing to properly supervise Defendant John Doe Facility Manager;

    d. in failing to implement safety practices to assure safe operation of the South Carolina facility;

    e. in failing to exercise that degree of care and caution that a reasonable and prudent company would have exercised under the circumstances then and there prevailing.

22. Defendants' conduct is the sole and proximate cause of the incident and the Plaintiff's resulting injuries.

WHEREFORE, Plaintiff prays for judgment against Defendant in this matter in a sum sufficient to compensate him for his actual and consequential damages to be determined at trial,

for an award of punitive damages to be determined at trial, for pre-judgment and post-judgment interest, for the costs of this action, and for such other and further relief as the Court may deem just and proper.

                                                Respectfully submitted,

                                                */s/ P. Jason Reynolds*
                                                **P. JASON REYNOLDS, ESQ.**
                                                South Carolina Bar No. 76057
                                                **MICHAEL R. PARKS, ESQ.**
                                                South Carolina Bar No. 105321
                                                SAMUELS REYNOLDS LAW FIRM, INC.
                                                1320 Richland Street
                                                Columbia, South Carolina 29201
                                                Telephone: (803) 779-4000
                                                Fax: (803) 779-4004
                                                Email: jason@samuelsreynolds.com
                                                            michael@samuelsreynolds.com
                                                ATTORNEYS FOR PLAINTIFF

November 15, 2023
Columbia, South Carolina

ELECTRONICALLY FILED - 2023 Nov 15 3:24 PM - DILLON - COMMON PLEAS - CASE#2023CP1700536

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF DILLON | CIVIL ACTION NO.: 2023-CP-17-00536 |
| Darren Streeter, | |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| vs. | |
| Perdue Farms Inc. and John Doe Facility Manager, | |
| Defendants. | |

I do hereby certify that the **Amended Summons and Complaint** has been served on Defendant John Doe Facility Manager. The below postal Certified Return Receipt signed and attached as Exhibit "A", is the green card showing that the item was received on November 8, 2023, is offered as proof of service:



*Signature Page Follows*

Page 1 of 2

ELECTRONICALLY FILED - 2023 Dec 13 9:57 AM - DILLON - COMMON PLEAS - CASE#2023CP1700536

Respectfully submitted,

*/s/ P. Jason Reynolds*
**P. JASON REYNOLDS, ESQ.**
South Carolina Bar No. 76057
**MICHAEL R. PARKS, ESQ.**
South Carolina Bar No. 105321
SAMUELS REYNOLDS LAW FIRM, LLC
1320 Richland Street
Columbia, South Carolina 29201
Telephone: (803) 779-4000
Fax: (803) 779-4004
Email: jason@samuelsreynolds.com
         michael@samuelsreynolds.com

December 13, 2023
Columbia, South Carolina